IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANITA SHERELLE CASEY,            )
                                 )
              Plaintiff,         )
                                 )
     v.                          )      1:19CV1204
                                 )
MEGAN J. BRENNAN,[1] Postmaster  )
General, United States Postal    )
Service,                         )
                                 )
              Defendant.         )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Defendant Megan J. Brennan's ("Brennan" or "Defendant") Motion to Dismiss, (Doc. 10), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Anita Sherelle Casey ("Casey" or "Plaintiff") is proceeding pro se. Plaintiff alleges discrimination in employment in her Complaint, (Complaint ("Compl.") Doc. 2), including claims of discrimination under Title VII, 42 U.S.C. § 2000e et seq., Age Discrimination under 29 U.S.C. § 621, and a violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. (Id. at 3.) The Clerk issued a Roseboro notice

---

[1] The correct spelling of Defendant's first name is Megan. The case caption is hereby amended to reflect the correct spelling.

to Plaintiff advising of her right to respond and of the fact that a failure to respond would likely result in dismissal. (Doc. 12.) In spite of that warning, Plaintiff has not responded to the motion to dismiss. The motion to dismiss is now ripe.

After careful review, this court finds the motion to dismiss should be granted.

I. **STATEMENT OF THE FACTS**

According to the Complaint, Plaintiff is an African American woman with an alleged disability of "chronic mentruation [sic] cramps and chronic headaches." (Compl. (Doc. 2) at 4.)[2] The allegations of the Complaint are somewhat confusing. Although it is not clearly stated, this court finds Plaintiff was employed by the United States Postal Service. Plaintiff alleges various forms of discrimination based on her age, race, color, and sex; as well as retaliation under Title VII and a failure to accommodate. The complained-of acts are alleged to have occurred between August 12, 2016 and September 14, 2016. (Id.)

Plaintiff turned in medical documentation from her neurologist stating Plaintiff should not work third shift "to

---

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

help with" her migraines. (Id. at 7.) Plaintiff contends that on June 6, 2016, the day she turned in this documentation, she was advised that she had to proceed with her request through the District Reasonable Accommodation Committee. (Id.) Plaintiff contends she was offered a change of hours, but that offer was "not based on [her] doctor's time period." (Id.) Plaintiff rejected that offer, and on August 25, 2016, "started an EEO process." (Id.) Plaintiff alleges she was discriminated against "because other employees/co-workers were granted their changes of schedule." (Id.)

Plaintiff further alleges that on September 14, 2016, she participated in a disciplinary meeting with an Attendance Control employee and Plaintiff's union representative. (Id. at 10.) The purpose of the meeting was to investigate Plaintiff's absences and related issues. (Id.) According to Plaintiff, Jeff Major interrupted the meeting by "blast[ing]" the Attendance Control employee for allowing the union representative to attend, upsetting both the union representative and Plaintiff. (Id.)

This court has also reviewed the Decision of the Equal Employment Opportunity Commission ("EEOC") on Request for Reconsideration ("Reconsideration Order") attached to the Complaint in an effort to construe Plaintiff's allegations.

-3-

(Doc. 2-1.) The facts set out in the Reconsideration Order are consistent with the allegations of the Complaint but do not add any additional details which might support Plaintiff's claims. According to the Reconsideration Order, Plaintiff's original complaint to the EEOC alleged that Plaintiff requested a schedule change in 2016 because of "debilitating conditions" and a medical recommendation of assignment to another shift. (Id. at 1.) Further, the Reconsideration Order indicates that Plaintiff's supervisor referred Plaintiff to the District Reasonable Accommodation Committee; Plaintiff was then offered a Tour III shift which she refused. (Id. at 3.) Plaintiff secured a Tour II shift that she accepted. (Id.)

## II. **ANALYSIS**

Under the Local Rules of the Middle District of North Carolina, if a party fails respond to a motion "within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k). Plaintiff's failure to respond to the motion to dismiss after a letter warning of potential consequences, (see Doc. 12), merits the granting of Defendant's motion.

Nevertheless, even though Plaintiff has failed to respond, this court "has an obligation to review the motions to ensure

that dismissal is proper." Stevenson v. City of Seat Pleasant, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (citing Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 145 (1st Cir. 2004)).

> When deciding a 12(b)(6) motion, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim. This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default.

Pomerleau, 362 F.3d at 145 (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646

(M.D.N.C. 2004). The court must separate out allegations not entitled to the assumption of truth, including conclusory allegations and bare assertions amounting to a "formulaic recitation of the elements[,]" to determine whether the factual allegations, taken as true, "plausibly suggest an entitlement to relief." Iqbal, 556 U.S. at 680-81.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, liberal construction of a pro se complaint does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions[.]'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (citation omitted).

### A. Title VII and Age Discrimination Claims

Employment discrimination complaints must meet the plausibility standard; however, the plaintiff is not required to make out a prima facie case of discrimination or satisfy any heightened pleading requirements at the motion to dismiss stage. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 584–85 (4th Cir. 2015). The plaintiff need only plead facts that permit the court

-6-

to reasonably infer each element of the prima facie case under Title VII. McCleary-Evans, 780 F.3d at 585; see also Coleman v. Md. Ct. Appeals, 626 F.3d 187, 191 (4th Cir. 2010) (stating that a complaint must "assert facts establishing the plausibility" that plaintiff was terminated based on race). If a plaintiff makes such a showing, the claim will usually survive a motion to dismiss, and the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the disparate treatment. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

### 1. **Legal Standard**

Plaintiff alleges discrimination based on race, color, and sex, as well as retaliation, all under Title VII. (Doc. 2 at 4.) Plaintiff does not allege direct evidence of discrimination. See, e.g., Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015) ("Plaintiffs may prove these violations either through direct and indirect evidence . . . or through the burden-shifting framework of McDonnell Douglas . . . ."). In the absence of direct evidence,

> "a plaintiff may prove unlawful discrimination under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)." Lee [v. Wade, No. 3:15CV37], 2015 WL 5147067, at *3 [E.D. Va. Aug. 31, 2015]. "To establish a prima facie case of race discrimination under McDonnell Douglas, a plaintiff must demonstrate '(1) membership in a protected class; (2) satisfactory

-7-

> job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.'" Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 626 (4th Cir. 2015) (quoting Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Maryland, 566 U.S. 30, 132 S. Ct. 1327, 182 L.Ed.2d 296 (2012)).

Hinton v. Virginia Union Univ., 185 F. Supp. 3d 807, 817–18 (E.D. Va. 2016). Title VII's anti-retaliation provision requires proof of a materially adverse action taken against the employee. Id. Additionally, Plaintiff must allege facts sufficient to establish that any such adverse employment action was due to her age, race, or sex. 42 U.S.C. § 2000e-2(a)(1); McCleary-Evans, 780 F.3d at 586.

Similarly, to state a claim for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), Plaintiff must plausibly allege that "she is a member of the ADEA's protected group, that she suffered an adverse employment action, and that her employer took that action against her because of her age." Boney v. Trs. of Cape Fear Cmty. Coll., 366 F. Supp. 3d 756, 762-63 (E.D.N.C. 2019).

Defendant argues that Plaintiff has failed to plausibly allege an adverse employment action under Title VII. This court agrees.

> "An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment. Conduct short

-8-

>     of ultimate employment decisions can constitute
>     adverse employment action." [James v. Booz-Allen &
>     Hamilton, Inc., 368 F.3d 371] 375-76 [4th Cir. 2004]
>     (internal citation, footnote, and quotation marks
>     omitted). "A tangible employment action constitutes a
>     significant change in employment status, such as
>     hiring, firing, failing to promote, reassignment with
>     significantly different responsibilities, or a
>     decision causing a significant change in benefits."
>     Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761,
>     118 S. Ct. 2257, 141 L.Ed.2d 633 (1998) (emphasis
>     added).

Webster v. Rumsfeld, 156 F. App'x 571, 578 (4th Cir. 2005) (emphasis in original). Plaintiff alleges two adverse employment actions: (1) the failure to transfer her to the day shift, and (2) the harsh words spoken during her meeting with the Attendance Control employee.

The harsh words spoken during Plaintiff's meeting with her union representative and Attendance Control do not constitute an adverse employment action. See Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 244 (4th Cir. 1997) (holding that an employer's "yelling at [the plaintiff] during [a] meeting" did not rise to the level of an adverse employment action for Title VII purposes). It is well-established that "complaints premised on nothing more than rude treatment by coworkers . . . are not actionable under Title VII." EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315-16 (4th Cir. 2008). While the statements may have made Plaintiff uncomfortable, they did not result in any

significant change in Plaintiff's employment status. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

Defendant's refusal to grant the requested shift change is also not an adverse employment action. See Edmonson v. Potter, 118 F. App'x 726, 729 (4th Cir. 2004). Although Plaintiff makes conclusory allegations that the shift change request was necessary to accommodate an alleged disability, and that the failure to grant the change was discriminatory, the facts alleged fall short for several reasons. First, Plaintiff has not plausibly alleged whether Defendant extended a sufficient accommodation. Plaintiff contends she was offered a change of hours, but that offer was "not based on [her] doctor's time period." (Compl. (Doc. 2) at 7.) Her doctor's time period is described as a recommendation for a shift other than the "third shift," but the change in hours provided is not described - nor is it clear whether the change would adequately meet the accommodation recommended by her doctor. (Id.) Plaintiff fails to plausibly plead whether the offered accommodation was insufficient according to medical advice, or simply according to her own interpretation of the medical advice. Furthermore, Plaintiff alleges she was discriminated against "because other employees/co-workers were granted their changes of schedule." (Id.) However, Plaintiff offers no facts to explain why the

treatment of other employees gives rise to some inference of discrimination or retaliation.

Second, when Plaintiff originally advised Defendant of the need for a shift change on June 6, 2016, Plaintiff alleges that she was advised that she had to proceed through the District Reasonable Accommodation Committee. (Id.) Plaintiff does not suggest this process was unreasonable, nor does she suggest this was not applicable to all employees requesting a reasonable accommodation for a disability. Plaintiff never alleges that she proceeded through the committee as directed. Although Plaintiff "need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss," Swierkiewicz, 534 U.S. at 515, the Complaint must allege facts which plausibly establish an adverse employment action. Beyond a conclusory allegation that the modification to Plaintiff's schedule was not "based" on the doctor's request, Plaintiff's allegations require speculation to "fill the gaps in her complaint." McCleary-Evans, 780 F.3d at 586.

Finally, even if Plaintiff has alleged an adverse employment action, Plaintiff has failed to plausibly allege such an action was taken based on her age, race, color, or sex. The allegations in the complaint must support a reasonable inference that the decisionmakers were motivated by an unlawful bias. Id.

-11-

Plaintiff's allegations are devoid of facts which might suggest an adverse employment action was motivated by race, age, color, or sex. Plaintiff alleges simply that "I feel I was discriminated against because other employees/co-workers were granted their changes of schedule." (Compl. (Doc. 2) at 7.) The actions alleged by Plaintiff may be consistent with discrimination, but those allegations do "not alone support a <u>reasonable inference</u> that the decisionmakers were motivated by bias." <u>McCleary Evans</u>, 780 F.3d at 586.

This court is therefore unable to find Plaintiff has plausibly alleged facts which state, or permit a reasonable inference of, an adverse employment action by Defendant. Moreover, Plaintiff has failed to plausibly allege facts giving rise to any reasonable inference that decisionmakers were motivated by a discriminatory intent. Nor do the facts alleged establish Defendant retaliated against Plaintiff as a result of any protected activity.

## B. Americans with Disabilities Act ("ADA") Claim

Plaintiff also brings a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12112, alleging Defendant failed to accommodate her disability. (Compl. (Doc. 2) at 3-4.)

> The ADA provides a cause of action to a qualified individual with a disability whose employer fails to make a reasonable accommodation to a known physical or mental limitation unless the employer can demonstrate

-12-

> that the requested accommodation would impose an undue hardship. 42 U.S.C. § 12112(b)(5)(A).

EEOC v. Advanced Home Care, Inc., 305 F. Supp. 3d 672, 675 (M.D.N.C. 2018). A disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Although Plaintiff alleges her impairments are "chronic mentruation [sic] cramps and chronic headaches," undoubtedly difficult medical conditions, (Compl. (Doc. 2) at 4), the fact of those conditions alone is not sufficient to plausibly allege that the conditions "substantially limit one or more major life activities." Plaintiff alleges that the letter from her doctor stated that Plaintiff should not work third shift <u>to help with</u> her migraines. (<u>Id.</u> at 7) (emphasis added)). Plaintiff's assertion, without supporting facts, that she experiences chronic migraines which would be "assist[ed]" by a different work schedule falls far short of establishing a "physical . . . impairment that substantially limits one or more major life activities." Crucially, "[i]t is not enough that an impairment affect a major life activity; the plaintiff must proffer evidence from which a reasonable inference can be drawn that such an activity is substantially or materially limited." Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1207 (8th Cir. 1997). This court finds Plaintiff has failed to plausibly allege she was disabled as a

-13-

result of a "physical . . . impairment that substantially limits one or more major life activities."

## IV. CONCLUSION

For the reasons set forth herein, this court finds Defendant's Motion to Dismiss, (Doc. 10), should be granted and Plaintiff's Complaint, (Doc. 2), be dismissed.[3]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. 10), is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE.**

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 29th day of March, 2021.

 William L. Osteen, Jr.
United States District Judge

---

[3] This court agrees with the arguments of Defendant and, to the extent those arguments are not addressed in this Memorandum Opinion and Order, they are adopted as alternate grounds for dismissal.

-14-